# Edward Bates *against* Samuel M'Crory.

In partition on the plea of non tenant *insimul,* the defendant may shew in evidence an agreed line by the former owners, though his deed poll grants to him an undivided interest.

PARTITION.    Plea *non tenent insimul.*

The plaintiff claimed under an application and survey, in the name of John Allet, who conveyed to Daniel Jones. On the 20th May 1785, Jones conveyed to the plaintiff Bates, and Jacob Kestler as joint-tenants, in consideration of 8ol. On the 23d March 1790, Kestler conveyed his undivided moiety to William Early, who afterwards on the 1st April 1794, conveyed his moiety to the defendant, M'Crory.

On the 27th January 1795, a patent issued to Bates and M'Crory, as tenants in common.

The defendant's counsel offered to shew, that Bates and Kestler had amicably divided the lands between them and built accordingly ; and that they had kept up a fence on the division line at their joint expence, which had since been considered the boundary.    •

The plaintiff's counsel excepted thereto. The defendant opposes the deed under which he claims. Kestler conveyed an undivided moiety only to Early, and Early to the defendant. *193]   *The patent issued to the plaintiff and defendant, as tenants in common. These deeds work an estoppel. One may be estopped by indenture or deed poll. 3 Com. Dig. 271. Co. Lit. 352, a. So a bond may be an estoppel. Cro. El. 362. A party granting is in general estopped by his own deed. 2 Term Rep. 171. All parties and privies are bound by an estoppel. Co. Lit. 352, a. Jo. 460. Poll. 61.

The defendant's counsel answered, that the doctrine of estoppels was odious, and merited restraint. 8 Mod. 312. Equity will relieve against them. 2 Fonbla. 470. They are however mutual and reciprocal ; and must either bind both parties, or neither. Co. Lit. 352, a. Cro. El. 701. 12 Mod. 361. The plaintiff Bates is not bound by either Kestler's or Early's deed ; and why should it lie with him to urge them for his benefit ?

[Nesbit's Lessee v. Kerr.]

He has obtained a patent to himself and the defendant, as tenants in common; but this shall not free him of a former partition of the premises, if there has been one fairly made. Besides these deeds are no indentures, but deeds poll. A deed not indented is no indenture; neither is an instrument called such, an indenture unless actually indented. Co. Lit. 143, b. Matters of record or deeds indented may be estoppels; but not deeds poll except against the grantor, lessor, &c. Co. Lit. 363, b. Estoppels are not to be favoured; since they prevent the investigation of truth. 4 Term Rep. 254. A jury are not concluded from finding the truth of the fact, where it is directly within the issue, and when they cannot find the issue without consideration of it. 2 L. Ray. 864. A jury is not bound by an estoppel, where the party leaves the fact at large by the pleading. 1 Salk. 276.

The court said, it was competent to the defendant on the present issue, to go into the evidence offered. Whether they hold together and undivided, was the very issue the jury were sworn to try. They cannot now hold together, if they have agreed to a former division *in pais*, and actually executed the same.

The evidence was received, but was fully counterproved by the plaintiff. The line was fixed on for mere temporary purposes, and not intended to be peremptory; and this was shewn to be the express agreement of the parties.

Verdict for the plaintiff.

Messrs. Hamilton and Watts, *pro quer*.

Messrs. Duncan and Walker, *pro def*.